Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE E. VALLADARES AYALA, MARCELINO NIETO JIMENEZ, LUCIO NIETO, CARLOS ACEVEDO BALTAZAR, and CARITINO V. TORRES ACEVEDO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., and DANNY M. DEJESUS, ORIE CRAIG DALY, and KIERAN F. SLEVIN, as individuals,

Defendants.
----------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **JOSE E. VALLADARES AYALA, MARCELINO NIETO JIMENEZ, LUCIO NIETO, CARLOS ACEVEDO BALTAZAR, and CARITINO V. TORRES ACEVEDO,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., and DANNY M. DEJESUS, ORIE CRAIG DALY, and KIERAN F. SLEVIN, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at

**DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC.** located at 156 Mount Vernon Avenue, Suite 210, Mount Vernon, NY 10550.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.
6. The Plaintiffs primarily performed work for the Defendants at job sites throughout New York for which Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### ***The Plaintiffs***

8. Plaintiff **JOSE E. VALLADARES AYALA**, residing in New York, New York, was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. from in or around December 2021 until in or around November 2022 and from in or around March 2024 until in or around December 2024 within the relevant statutory period.
9. Plaintiff **MARCELINO NIETO JIMENEZ,** residing in New York, New York, was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS

LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., from in or around May 2021 until in or around February 2025.

10. Plaintiff **LUCIO NIETO,** residing in New York, New York, was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., from in or around May 2021 until in or around February 2025.

11. Plaintiff **CARLOS ACEVEDO BALTAZAR** residing in New York, New York, was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., from in or around November 2020 until in or around February 2025.

12. Plaintiff **CARITINO V. TORRES ACEVEDO** residing in New York, New York, was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., from in or around November 2020 until in or around March 2025.

## ***Corporate Defendants***

### **DTO ALTERATIONS LLC**

13. Defendant, DTO ALTERATIONS LLC, is a foreign limited liability company, organized under the laws of the State of New York with a principal executive office located at 156 Mount Vernon Avenue, Suite 210, Mount Vernon, New York 10550.

14. Defendant, DTO ALTERATIONS LLC, is registered in the New York Department of State, Division of Corporation with service of process address at 1200 Water Place, Suite 105, Bronx, New York 10461.

15. At all relevant times hereto, Defendant DTO ALTERATIONS LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

16. Accordingly, at all relevant times hereto, Defendant DTO ALTERATIONS LLC was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**WILD GEESE ALTERATIONS LLC**

17. Defendant WILD GEESE ALTERATIONS LLC is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 325 West 38th Street, Rm 710, New York, New York 10018-9627.

18. At all relevant times hereto, Defendant WILD GEESE ALTERATIONS LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

19. Accordingly, at all relevant times hereto, Defendant WILD GEESE ALTERATIONS LLC was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**CELTIC 123 INC.**

20. Defendant, CELTIC 123 INC., is a domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 156 Mount Vernon Avenue, Suite 210, Mount Vernon, New York 10550 and 4207 E Tremont Avenue, Bronx, New York 10465-3361.

21. Defendant, CELTIC 123 INC., is registered in the New York Department of State, Division of Corporation with service of process address at 4346 Katonah Ave, Bronx, New York, 10470.

22. At all relevant times hereto, Defendant CELTIC 123 INC., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

23. Accordingly, at all relevant times hereto, Defendant CELTIC 123 INC. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**CELTIC DEMOLITION, INC.**

24. Defendant CELTIC DEMOLITION, INC. is a domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of

process address located at 156 Mount Vernon Avenue, Suite 210, Mount Vernon, NY 10550.

25. At all relevant times hereto, Defendant CELTIC DEMOLITION, INC., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

26. Accordingly, at all relevant times hereto, Defendant CELTIC DEMOLITION, INC. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

27. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

28. Corporate Defendants shared a common or overlapping management, as all were operated by the individual Defendants sued herein.

29. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

30. During all relevant times hereto, Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

31. Upon information and belief, Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. were and are engaged in construction projects and simultaneously operated at and on the same job sites where Plaintiffs performed work.

32. At all times relevant hereto, Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. acted as a single employer in general and as joint employers with respect to Plaintiffs, as Defendants held out Plaintiffs as the employees of all entities.

33. All corporate entities employed the same employees, including Plaintiffs, performed work on the same job site, and were both responsible for issuing Plaintiffs their wages.

34. Upon information and belief, Corporate Defendants operated at the job sites where Plaintiffs performed work, and acted on behalf of one other in connection with Plaintiffs' performance within the meaning of NYLL §198-E.

35. Corporate Defendants are jointly and severally liable for all wages owed to Plaintiffs pursuant to NYLL §198-E Construction Industry Wage Theft, which states, "(1) A contractor making or taking a construction contract shall be liable for any debt resulting from an action under section one hundred ninety-eight of this article, owed to an employee or third party on the employee's behalf, incurred by a subcontractor at any tier acting under, by, or for the contractor or its subcontractors for the employee's performance of labor."

36. Further, pursuant to NYLL §198-E (5), "In the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages, benefits, wage supplements, and any other remedies available pursuant to the requirements of section one hundred ninety-eight of this article."

37. Upon information and belief, Plaintiffs performed work for DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. at various job sites throughout their employment.

38. Accordingly, at all relevant times hereto, Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. were Plaintiffs' employers within the meaning and the intent of the FLSA and the NYLL.

39. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***The Individual Defendants***

**DANNY M. DEJESUS and ORIE CRAIG DALY**

40. Upon information and belief, at all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY owned and operated DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC.

41. Upon information and belief, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY were the agents of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC.

42. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY were responsible for overseeing the daily operations of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC.

43. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY had power and authority over all the final personnel decisions at DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC.

44. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY had the power and authority over all final payroll decisions of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC, including the Plaintiffs.

45. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY had the exclusive final power to hire the employees of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC, including the Plaintiffs.

46. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY had exclusive final power over the firing and termination of the employees of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC, including Plaintiffs.

47. At all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY were responsible for determining, establishing, and paying the wages of all employees of DTO ALTERATIONS LLC and WILD GEESE ALTERATIONS LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

48. Accordingly, at all relevant times hereto, Defendants DANNY M. DEJESUS and ORIE CRAIG DALY were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

**KIERAN F. SLEVIN**

49. Upon information and belief, at all relevant times hereto, Defendant KIERAN F. SLEVIN owned and operated CELTIC 123 INC. and CELTIC DEMOLITION, INC.

50. Upon information and belief, Defendant KIERAN F. SLEVIN was the agent of CELTIC 123 INC. and CELTIC DEMOLITION, INC.

51. At all relevant times hereto, Defendant KIERAN F. SLEVIN was responsible for overseeing the daily operations of CELTIC 123 INC. and CELTIC DEMOLITION, INC.

52. At all relevant times hereto, Defendant KIERAN F. SLEVIN had power and authority over all the final personnel decisions at CELTIC 123 INC. and CELTIC DEMOLITION, INC.

53. At all relevant times hereto, Defendant KIERAN F. SLEVIN had the power and authority over all final payroll decisions of CELTIC 123 INC. and CELTIC DEMOLITION, INC., including the Plaintiffs.

54. At all relevant times hereto, Defendant KIERAN F. SLEVIN had the exclusive final power to hire the employees of CELTIC 123 INC. and CELTIC DEMOLITION, INC. including the Plaintiffs.

55. At all relevant times hereto, Defendant KIERAN F. SLEVIN had exclusive final power over the firing and termination of the employees of CELTIC 123 INC. and CELTIC DEMOLITION, INC., including Plaintiffs.

56. At all relevant times hereto, Defendant KIERAN F. SLEVIN was responsible for determining, establishing, and paying the wages of all employees of CELTIC 123 INC. and CELTIC DEMOLITION, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

57. Accordingly, at all relevant times hereto, Defendant KIERAN F. SLEVIN was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

**RELEVANT STATUTORY PERIOD**

58. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in April 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning April 2020 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

## JOSE E. VALLADARES AYALA

59. Plaintiff JOSE E. VALLADARES AYALA was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., as a construction worker, demolition worker, and carpenter, while performing related miscellaneous duties from in or around December 2021 until in or around November 2022 and from in or around March 2024 until in or around December 2024 within the relevant statutory period.

60. Within the relevant statutory period, Plaintiff did not work for the Defendants during the period from in or around December 2022 until in or around February 2024.

61. Plaintiff JOSE E. VALLADARES AYALA regularly worked approximately six (6) days per week, from in or around December 2021 until in or around November 2022 and from in or around March 2024 until in or around December 2024.

62. Plaintiff JOSE E. VALLADARES AYALA regularly worked approximately ten (10) hours per day, six (6) days per week, from in or around December 2021 until in or around January 2022; approximately eight-and-a-half (8.5) hours per day for one (1) day per week and approximately ten (10) hours per day for five (5) days per week, from in or around February 2022 until in or around November 2022; and approximately eight-and-a-half (8.5) hours per day for one (1) day per week and approximately ten (10) hours per day for five (5) days per week, from in or around March 2024 until in or around December 2024.

63. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week, in or around January 2022; approximately fifty-eight-and-a-half (58.5) hours per week from in or around February 2022 until in or around November 2022; and approximately fifty-eight-and-a-half (58.5) hours per week from in or around March 2024 until in or around December 2024.

64. During the relevant statutory period, Plaintiff JOSE E. VALLADARES AYALA was paid by Defendants an hourly rate of approximately $35.00 per hour from in or around December 2021 until in or around November 2022, and approximately $40.00 per hour from in or around March 2024 until in or around December 2024.

65. Plaintiff was paid in combination of check and cash.

66. Although Plaintiff worked approximately sixty (60) hours per week, in or around January 2022; approximately fifty-eight-and-a-half (58.5) hours per week from in or around February 2022 until in or around November 2022; and approximately fifty-eight-and-a-half (58.5) hours per week from in or around March 2024 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

68. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

69. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

70. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

71. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

72. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## MARCELINO NIETO JIMENEZ

73. Plaintiff MARCELINO NIETO JIMENEZ was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., as a construction worker, demolition worker, and cleaner, while performing related miscellaneous duties, from in or around May 2021 until in or around February 2025.

74. Plaintiff MARCELINO NIETO JIMENEZ regularly worked approximately five (5) days per week, from in or around May 2021 until in or around February 2025.

75. Plaintiff MARCELINO NIETO JIMENEZ regularly worked approximately nine-and-a-half (9.5) hours per day from in or around May 2021 until in or around February 2025.

76. Thus, Plaintiff was regularly required to work approximately forty-seven-and-a-half (47.5) hours per week, from in or around May 2021 until in or around February 2025.

77. Plaintiff MARCELINO NIETO JIMENEZ was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around May 2021 until in or around February 2025.

78. Plaintiff was paid via check.

79. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around January 2023 until in or around February 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

80. Although Plaintiff worked approximately forty-seven-and-a-half (47.5) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

81. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

82. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

83. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

84. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

85. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

86. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

87. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**LUCIO NIETO**

88. Plaintiff LUCIO NIETO was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., as a construction worker and demolition worker while performing related miscellaneous duties, from in or around May 2021 until in or around February 2025.

89. Plaintiff LUCIO NIETO regularly worked approximately five (5) days per week, from in or around May 2021 until in or around February 2025.

90. Plaintiff LUCIO NIETO regularly worked approximately eight-and-a-half (8.5) hours per day from in or around May 2021 until in or around February 2025; however in or around November 2021, Plaintiff regularly worked approximately sixteen (16) hours per day for five (5) days per week.

91. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week, from in or around May 2021 until in or around February 2025 with the

exception of November 2021, when Plaintiff worked approximately eighty (80) hours per week.

92. Plaintiff LUCIO NIETO was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around May 2021 until in or around February 2025.

93. Plaintiff was paid via check.

94. Additionally, Plaintiff has been paid by Defendants approximately every two (2) weeks from in or around May 2022 until in or around February 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

95. Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week, from in or around May 2021 until in or around February 2025, with the exception of November 2021, when Plaintiff worked approximately eighty (80) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

96. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

97. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

98. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

99. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

100. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

101. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours

and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

102. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CARLOS ACEVEDO BALTAZAR**

103. Plaintiff CARLOS ACEVEDO BALTAZAR was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., as a construction worker and demolition worker while performing related miscellaneous duties, from in or around November 2020 until in or around February 2025.

104. Plaintiff CARLOS ACEVEDO BALTAZAR regularly worked approximately five (5) days per week, from in or around November 2020 until in or around February 2025.

105. Plaintiff CARLOS ACEVEDO BALTAZAR regularly worked approximately eight-and-a-half (8.5) hours per day from in or around November 2020  until in or around February 2025; however in or around November 2021, Plaintiff regularly worked approximately sixteen (16) hours per day for five (5) days per week.

106. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week, from in or around November 2020 until in or around February 2025with the exception of November 2021, when Plaintiff worked approximately eighty (80) hours per week.

107. Plaintiff CARLOS ACEVEDO BALTAZAR was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around November 2020 until in or around February 2025.

108. Plaintiff was paid via check.

109. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around November 2020 until in or around February 2025. As such, Defendants failed to

timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

110. Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week, from in or around November 2020 until in or around February 2025 with the exception of November 2021, when Plaintiff worked approximately eighty (80) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

111. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

112. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

113. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

114. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

115. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

116. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

117. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## CARITINO V. TORRES ACEVEDO

118. Plaintiff CARITINO V. TORRES ACEVEDO was employed by Defendants DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., as a construction worker, demolition worker, and mediator while performing related miscellaneous duties, from in or around November 2020 until in or around March 2025.

119. Plaintiff CARITINO V. TORRES ACEVEDO regularly worked approximately five (5) days per week, from in or around November 2020 until in or around March 2025.

120. Plaintiff CARITINO V. TORRES ACEVEDO regularly worked approximately eight-and-a-half (8.5) hours per day from in or around November 2020 until in or around March 2025.

121. However, approximately once per month, Plaintiff was required to work double shifts of sixteen (16) hours per day, five (5) days per week, and thus would work approximately eighty (80) hours during such weeks.

122. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week, from in or around November 2020 until in or around March 2025 and approximately eighty (80) hours per week once per month during this period.

123. Plaintiff CARITINO V. TORRES ACEVEDO was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around November 2020 until in or around March 2025.

124. Plaintiff was paid via check.

125. Additionally, Plaintiff has been paid by Defendants approximately every two (2) weeks from in or around November 2020 until in or around March 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

126. Although Plaintiff worked approximately forty-two-and-a-half (42.5) to eighty (80) hours per week, from in or around November 2020 until in or around March 2025; Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

127. Moreover, Plaintiff was not compensated at all by Defendants for two (2) months of his employment.

128. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

129. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

130. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

131. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

132. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

133. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

134. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

135. Collective Class: All persons who are or have been employed by the Defendants as construction workers, demolition workers, carpenters, cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies,

programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

136. Upon information and belief, Defendants employed approximately 50 or more employees within the past three years subjected to similar payment structures.

137. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

138. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

139. Defendants' unlawful conduct has been widespread, repeated, and consistent.

140. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

141. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

142. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

143. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

144. The claims of Plaintiffs are typical of the claims of the putative class.

145. Plaintiffs and his counsel will fairly and adequately protect the interests of the putative class.

146. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

147. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> Tapers and construction workers, or other similarly titled personnel who are currently or have been employed by the Defendants at DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC. and CELTIC DEMOLITION, INC., at various job sites throughout New York and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, received delayed payments and were never compensated by the Defendants for their work performed, during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

148. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

149. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

150. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation, failed to timely pay wages and failed to pay wages, in violation of and within the meaning of the NYLL;

b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;
c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;
d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;
e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and
f. Whether Defendants should be enjoined from such violations in the future.
g. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.
h. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

151. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, failure to time pay wages and failure to pay wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

152. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

153. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and spread of hours compensation and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

154. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

155. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

156. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

157. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

158. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

159. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

160. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

161. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

162. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

163. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

164. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

165. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Unpaid Wages Under The Fair Labor Standards Act**

166. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

167. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

168. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

169. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

**Unpaid Wages Under The New York Labor Law**

170. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

171. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

172. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

173. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of Frequency of Pay Under New York Labor Law

174. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

175. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

176. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

177. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

178. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

179. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

180. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

181. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

182. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

183. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs' liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: April 16, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE E. VALLADARES AYALA, MARCELINO NIETO JIMENEZ, LUCIO NIETO, CARLOS ACEVEDO BALTAZAR, and CARITINO V. TORRES ACEVEDO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

DTO ALTERATIONS LLC, WILD GEESE ALTERATIONS LLC, CELTIC 123 INC., and CELTIC DEMOLITION, INC., and DANNY M. DEJESUS, ORIE CRAIG DALY, and KIERAN F. SLEVIN, as individuals,

Defendants.

---

**CLASS/COLLECTIVE ACTION COMPLAINT**

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

*via Secretary of State service:*
**DTO ALTERATIONS LLC (DOS ID: 6517983)**
1200 WATER PLACE, SUITE 105, BRONX, NY, UNITED STATES, 10461

**WILD GEESE ALTERATIONS LLC (DOS ID: 6364815)**
325 WEST 38TH STREET, # 710, NEW YORK, NY, UNITED STATES, 10018

**CELTIC 123 INC. (DOS ID: 4588518)**
4346 KATONAH AVENUE, BRONX, NY, UNITED STATES, 10470

**CELTIC DEMOLITION, INC. (DOS ID: 4906144)**
156 MT. VERNON AVENUE, MT. VERNON, NY, UNITED STATES, 10550

*via personal service:*
**DANNY M. DEJESUS**
156 Mount Vernon Avenue, Suite 210, Mount Vernon, NY 10550

105 Giera Ct #72, Parlin, NJ 08859.

**ORIE CRAIG DALY**
156 Mount Vernon Avenue, Suite 210, Mount Vernon, NY 10550

325 W 38th St Rm 710, New York, New York 10018

1159 President St Apt 4E, Brooklyn, NY 11225

**KIERAN F. SLEVIN**
156 Mount Vernon Avenue, Suite 210, Mount Vernon, NY 10550.

25 Rutland Rd, Bronxville, NY 10708